IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:13-CV-00128-BO

| | |
|---|---|
| JAMES PORTERFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JP MORGAN CHASE BANK, NATIONAL ) | |
| ASSOCIATION fka CHASE HOME FINANCE, ) | **ORDER** |
| LLC fka MANHATTAN MORTGAGE ) | |
| CORPORATION; MORTGAGE ELECTRONIC ) | |
| REGISTRATION SYSTEMS., INC.; FM ) | |
| LENDING SERVICES, LLC; TRUSTEE ) | |
| SERVICES OF CAROLINA, LLC, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on defendants JPMorgan Chase Bank, N.A. ("Chase") and Mortgage Electronic Registration Systems, Inc.'s ("MERS") motion to dismiss [DE 12] pursuant to FED. R. CIV. P. 12(b)(6) and defendant Trustee Services of Carolina, LLC's motion to dismiss [DE 17] pursuant to FED. R. CIV. P. 12(b)(6). The motions are now ripe for judgment. For the reasons stated herein, defendants' motions to dismiss are GRANTED and plaintiff's claims are DISMISSED.

## BACKGROUND

This civil action was filed by plaintiff Jamie Porterfield on May 21, 2013. On October 20, 2008, plaintiff executed a promissory note in the principal amount of $133,518 ("the Note") that was secured by a deed of trust on plaintiff's home in Butner, North Carolina ("the Deed"). The same day, the Note and its servicing rights were transferred to Chase and plaintiff was given written notice that the servicing rights were being so transferred.

On November 9, 2010, Chase Home Finance, LLC ("CHF") sent plaintiff a pre-foreclosure notice, which informed plaintiff that she was in default on the Note and at risk of foreclosure. A foreclosure proceeding was initiated on January 5, 2011 ("the 2011 Foreclosure"). In the 2011 Foreclosure, the clerk of court entered an order authorizing a foreclosure sale, which plaintiff appealed.

A hearing on plaintiff's appeal was scheduled for November 14, 2011, however, on November 10, 2011, plaintiff was informed that the 2011 Foreclosure would be voluntarily dismissed and a written notice of voluntary dismissal without prejudice was served on November 11, 2011. The 2011 Foreclosure was dismissed because counsel for Chase discovered an error in the appointment of the substitute trustee that could have caused a defect in the chain of title if the foreclosure sale was completed.

On January 15, 2013, more than one year after the dismissal of the 2011 Foreclosure, Trustee Services of Carolina, LLC ("TSC"), sent plaintiff a letter informing her that Chase had referred her loan to TSC for foreclosure. On February 11, 2013, and March 7, 2013, appointments of substitute trustee, appointing TSC as the substitute trustee, were filed with the Granville County Register of Deeds. On February 11, 2013, and March 4, 2013, an assignment of the Deed and a corrective assignment of the Deed were filed with the Granville County Register of Deeds. On March 6, 2013, TSC sent plaintiff another pre-foreclosure notice. On March 14, 2013, a second foreclosure proceeding was commenced ("the 2013 Foreclosure"). The hearing in the 2013 Foreclosure was set for May 28, 2013.

Plaintiff commenced this action on May 21, 2013 and asserts the following claims: (1) wrongful foreclosure; (2) fraud; (3) fraudulent misrepresentation; (4) fraud by use of MERS; (5) fraud through securitization; (6) promissory fraud; (7) unfair and deceptive trade practices; (8)

2

violations of the Fair Debt Collections and Practices Act; (9) violations of the Real Estate Settlement Procedures Act; (10) slander of title; and (11) a quiet title action.

## DISCUSSION

A Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Similarly, a court need not accept as true a plaintiff's "unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts. v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000). A trial court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Accordingly, to survive a Rule 12(b)(6) motion, a complaint must contain facts sufficient "to raise a right to relief above the speculative level" and to satisfy the court that the claim is "plausible on its face." *Id.* at 555, 570.

I. CHASE AND MERS'S MOTION TO DISMISS.

A. Count I – Wrongful Foreclosure.

Plaintiff alleges that she is victim to a wrongful foreclosure based on fraud that was committed by defendants. A claim for wrongful foreclosure is "based on fraud" and "accrues when the mortgagee conveys the property to a third party." *Patterson v. DAC Corp. of N.C.*, 310

3

S.E.2d 783, 785 (N.C. App. 1984). Plaintiff has not alleged that the property was conveyed to a third party. Indeed, no foreclosure process on the property has run its course. The 2011 Foreclosure was voluntarily dismissed, and this action was filed before the 2013 Foreclosure resulted in a sale of the property. Plaintiff claims that the wrongful foreclosure stems from the fraud she alleges regarding ownership of the Note. However, even if the Note has changed hands, fraudulently or not, the property has not been alleged to have changed hands. Plaintiff fails to satisfy FED. R. CIV. P. 12(b)(6) regarding her wrongful foreclosure claim which is accordingly dismissed with prejudice.

      B.     Plaintiff's Claims Based on Fraud.

Plaintiff bases several of her claims on some element of fraud. These claims include: Count II – Fraud; Count III – Fraudulent Misrepresentation; Count IV – Fraud by Use of MERS; Count V – Fraud Through Securitization; and Count VI – Promissory Fraud. The essential elements of fraud are: "(1) False representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with the intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." *Forbis v. Neal*, 649 S.E.2d 382, 387 (N.C. 2007). A claimant is required to "state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). The circumstances at issue are "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Terry v. SunTrust Banks, Inc.*, 493 Fed. App'x 345, 358 (4th Cir. 2012). Plaintiff's claims are based on various actions that she alleges constitute fraud.

      1.     Count II.

Plaintiff alleges that defendants, acting in concert, made representations to the plaintiff that the non-negotiable note was transferrable. Plaintiff claims that her right to prepay and

provisions regarding notice contained in the Note destroyed its negotiability. North Carolina law has a specific provision regarding the negotiability of notes. A note can only be negotiable if it "[d]oes not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money." N.C. Gen. Stat. § 25-3-104(a)(3). Although there are no North Carolina cases on point, this Court is informed by other jurisdictions' interpretations of similar statutes. By enacting N.C. Gen. Stat.§ 25-3-104(a), North Carolina adopted the Uniform Commercial Code's (UCC) definition of a negotiable instrument. Other states including New Jersey, South Carolina, and Pennsylvania, have also adopted the UCC and contain the same definition as North Carolina law. *See* N.J. Stat. Ann. § 12A:3-104(a); S.C. Code Ann. § 36-3-104(a); 13 Pa. Cons. Stat. § 3104(a). Courts in each of those jurisdictions have held that plaintiff's right to prepay the Note and the provisions regarding prepayment notice contained in the Note do not destroy its negotiability. *See Mesina v. Citibank, NA*, 2012 Bankr. LEXIS 2958 (D.N.J. June 27, 2012); *In re Kain*, 2012 Bankr. LEXIS 1406 (D.S.C. Mar. 30, 2012) *aff'd* 2013 U.S. Dist. LEXIS 36845 (D.S.C. Mar. 18, 2013); *In re Walker*, 466 B.R. 271, 283–84 (Bankr.E.D.Pa. Feb. 13, 2012); *Picatinny Fed. Credit Union v. Fannie Mae*, 2011 U.S. Dist. LEXIS 38147 (D.N.J. Apr. 7, 2011); *HSBC Bank USA, NA v. Gouda*, 2010 N.J. Super. Unpub. LEXIS 3029 (N.J.Super.Ct.App.Div. Dec. 17, 2010). In *Gouda* the New Jersey court analyzed the New Jersey statute analogous to the North Carolina statute in light of the defendant's argument that prepay language made the note non-negotiable. It explained:

> The right of defendants, under the note, to prepay part of the principal does not constitute an "additional undertaking or instruction" that adversely affects the negotiability of the note. Quite the opposite, the right of prepayment is a voluntary option that defendants may elect to exercise solely at their discretion. Indeed, such an allowance confers a benefit, not a burden, upon defendants, who can freely choose to decline the opportunity. The fact that defendants must notify the lender in the event they opt for prepayment imposes no additional liability on them and is not a condition placed on defendants' promise to pay. Rather,

5

notification is simply a requirement of the exercise of the right of prepayment which, as noted, defendants are free to reject. This requirement does not render the note in issue non-negotiable.

*Gouda*, 2010 N.J. Super. Unpub. LEXIS 3029 at *7–8. This Court adopts the reasoning of the aforementioned courts in determining that the Note at issue here is a negotiable instrument that is able to be transferred. Accordingly, Count II is dismissed with prejudice.

### 2. Count III and Count IV.

Counts III and IV both revolve around MERS and will be discussed together as they were in parties' briefs. Plaintiff alleges that defendants acted in concert to misrepresent the status of defendant MERS in order to defraud the plaintiff and plaintiff alleges that defendants acted in concert to defraud plaintiff into believing that MERS had legal title to the complaint. Plaintiff claims that MERS cannot be named as a beneficiary or nominee of a lender in the Deed, that the hidden purpose of MERS is to defraud borrowers and the clerks of court by hiding the true owners of secured interests on property in opposition to common law policies and the laws of North Carolina, and that all transfers of the Deed or the Note by MERS are void.

Many of the plaintiff's allegations regarding MERS are undercut by the terms contained in the plaintiff's Deed, which describes MERS's role regarding plaintiff's loan. Indeed by signing the Deed, plaintiff agreed to the terms therein, including the use of MERS. Despite plaintiff's contention to the contrary, the Deed unequivocally identifies MERS and its position. MERS is a company which maintains an electronic registry that stores information as to who originates, services and owns mortgage loans. *Ward v. Security Atlantic Mortg. Elec. Registration Sys., Inc.*, 858 F. Supp. 2d 561, 567 (E.D.N.C. 2012). The promissory note does not confer any rights on MERS, nor does it name MERS as a party to the note. *Id.* Instead, MERS's rights are defined only by the deed of trust. *Id.* MERS's nominee status allows the transfer of the

6

servicing rights of the note among MERS members without the need to publically record the assignments and MERS remains the beneficiary of record on the deed of trust and continues to act as a nominee for the new beneficial owner. *Id.* Additionally, the plaintiff has failed to point to, and this Court's research has failed to uncover, any case finding that MERS violates North Carolina law whereas several other courts have held that MERS is lawful and accordingly has the authority to assign its rights under deeds of trust. *See, e.g., Sheppard v. BAC Home Loans Servicing, LP*, 2012 WL 204288, at *5 (W.D.Va. Jan. 24, 2012) (finding MERS has authority to assign its rights under deeds of trust and the assignment at issue "was permitted by the terms of the deed of trust, which, ... [p]laintiff signed" and collecting cases); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044–45 (9th Cir.2011) (discussing the role of MERS and dismissing plaintiffs' claim for conspiracy to commit fraud through the MERS system in part because "[b]y signing the deeds of trust, the plaintiffs agreed to the terms and were on notice of the contents"); *Santarose v. Aurora Bank FSB*, 2010 WL 2232819, at *5 (S.D.Tex. June 2, 2010) (noting the deed of trust listed "MERS as a nominee of the lender and as a beneficiary under that security instrument" and "[b]y the plain language of the [d]eed of [t]rust, MERS had the right to foreclose the property") Accordingly, plaintiff's claims for fraudulent misrepresentation and fraud by use of MERS fail and are dismissed with prejudice.

    3.    Count V.

Plaintiff alleges that the Note was securitized, and as a result, became a stock which means it is no longer a loan and is thus extinguished. "Plaintiff's argument—that Defendant's securitization of his loan relieved him of his obligation to pay on the note—has been consistently rejected . . . nationwide." *Batchelor v. Wells Fargo Bank, N.A.*, 2013 WL 1499583 at *3 (E.D. Mich. Mar. 15, 2013) *report and rec. adopted*, 2013 WL 1499346 (E.D. Mich. Apr. 10, 2013);

7

*see also Keyes v. Deutsche Bank Nat. Trust Co.*, 2013 WL 440191 at * 11 (E.D. Mich. Feb.5, 2013) ("[a]ttempts to base claims on the securitization of a mortgage and the alleged separation of the mortgage and note have not been well received by courts around the country") (citing Leone v. Citigroup, No. 12–10597, 2012 WL 1564698 at *4 (E.D. Mich. May 2, 2012) (collecting cases); *Bhatti v. Guild Mortg. Co.*, 2011 WL 6300229 at *5 (W.D.Wash. Dec.16, 2011) ("Securitization merely creates a separate contract, distinct from the Plaintiffs' debt obligations under the Note, and does not change the relationship of the parties in any way")); *Hofhines v. BAC Home Loans Servicing, L.P.*, 2012 WL 3440458 (D. Idaho June 1, 2012) *report and rec. adopted*, 2012 WL 3438327 (D. Idaho Aug. 15, 2012) ("With regard to the 'securitization' argument, several courts have rejected various theories that securitization of a loan somehow diminishes the underlying power of a sale that can be exercised upon a trustor's breach."); *Banks v. Freddie Mac*, 2013 WL 1182685 (D. Nev. Mar. 20, 2013) ("Additionally, this Court has already held securitization does not void the deed of trust, split the note irreparably, or extinguish plaintiff's mortgage obligations.") Plaintiff's claim for fraud through securitization fails as a result and is dismissed with prejudice.

4.   Count VI.

Plaintiff claims that she reasonably relied on the representation that defendants dismissed the foreclosure and sale when they voluntarily dismissed the 2011 Foreclosure and plaintiff dropped her appeal, but that the defendants did not actually intend to drop the foreclosure because they filed the 2013 Foreclosure against her. Defendants actually dismissed the 2011 Foreclosure. Further they did so without prejudice and there is no allegation that there was a promise that no other foreclosure could follow the first. Plaintiff's promissory fraud claim is dismissed with prejudice.

C.  Count VII – Unfair and Deceptive Trade Practices.

To state a claim under the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"), a claimant must allege (1) an unfair or deceptive act or practice, (2) in or affecting commerce, (3) that proximately caused actual injury to plaintiff. *Dalton v. Camp*, 548 S.E.2d 704, 711 (2001). "A practice is unfair if it is unethical or unscrupulous, and it is deceptive if it has a tendency to deceive." *Id.* A party must allege "substantial aggravating circumstances" to support a claim under the UDTPA. *Joy v. MERSCORP, Inc.*, 935 F. Supp. 2d 848, ___ (E.D.N.C. 2013). Plaintiff claims that her UDTPA claim is rooted in the fraudulent activity she claims defendants undertook. However, a plaintiff cannot base an UDTPA claim on allegations that fail to state a claim for fraud. *See B&F Slosman v. Sonopress, Inc.*, 557 S.E.2d 176, 182 (N.C. App. 2001) (finding that because plaintiff failed to make a prima facie case with respect to fraud and breach claims, she cannot establish a claim for UDTPA). Accordingly, plaintiff's UDTPA claim is dismissed with prejudice.

D.  Count VIII – Fair Debt Collections and Practices Act.

Plaintiff alleges that Chase violated the Fair Debt Collections and Practices Act ("FDCPA") on multiple occasions by engaging in harassment and abuse, filing false, deceptive, and misleading statements, and by engaging in unfair and deceptive means and attempts to collect the debt at issue here. "To prevail on a FDCPA claim, a plaintiff must sufficiently allege that (1) he was the object of a collection activity arising from a consumer debt as defined by the FDCPA, (2) that defendant is a debt collector as defined by the FDCPA, and (3) the defendant engaged in an act or omission prohibited by the FDCPA." *Johnson v. BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011). "The FDCPA's definition of debt collector does not include the consumer's creditors, a mortgage servicing company, or any

assignee of the debt, so long as the debt was not in default at the time it was assigned." *Boyter v. Moynihan*, 2013 U.S. Dist. LEXIS 48298 at *19 (W.D.N.C. April 3, 2013). Here, plaintiff alleged the Note and its servicing rights were transferred to Chase on October 20, 2008. Chase came into the status of creditor on the same day the loan was originated. Clearly the Note was not in default at that time. Chase does not fall under the FDCPA's definition of debt collector here, so plaintiff's FDCPA claim is dismissed with prejudice.

      E.    Count IX – Real Estate Settlement Procedures Act.

Plaintiff alleges that her damages sound from being forced to defend against an "unlawful" foreclosure action. This is a legal conclusion that this Court is not bound to accept as true. As discussed *supra*, there is nothing to support a finding that the prior foreclosure actions brought against the plaintiff were illegal. As such, she has not sufficiently pled damages for which relief may be granted and her claim is dismissed with prejudice.

      F.    Count X – Slander of Title.

"Slander of title occurs when an individual maliciously makes false statements about the title of another's property, thus causing special damages." *Town of Nags Head v. Toloczko*, 863 F. Supp. 2d 516, 535 (E.D.N.C. 2012) (citing *Mecimore v. Cothren*, 428 S.E.2d 470, 473 (N.C. App. 1993)). Plaintiff bases her claim for slander of title on the legal conclusion that the Note is not negotiable. This Court has rejected that conclusion *supra* Part I.B.2 and is not required to accept plaintiff's unreasonable conclusions as true when considering a 12(b)(6) motion to dismiss. As the ownership of the Note is the only fact that plaintiff alleges was false, her claim must fail if the Court concludes that the Note was negotiable. Accordingly, plaintiff's claim is dismissed with prejudice.

G. Count XI – Quiet Title.

Plaintiff's claim to quiet title is based on the erroneous assertions that "no party including the original Mortgagee has no [sic] right to enforce the loans upon plaintiff's house free and clear of all encumbrances" and "[t]he defendants have no contractual relationship with the plaintiff." These assertions are entirely contradicted by the Note and Deed of Trust. Plaintiff has not alleged that any encumbrance other than the Deed of Trust she executed is being asserted against the property and plaintiff has not asserted that she is not in default under the Note. "Because plaintiff has not alleged any facts providing a basis for removing the deed of trust as an encumbrance on his property, where it is undisputed that he defaulted on his mortgage loan, and because defendants are not presently asserting any other encumbrance adverse to plaintiff, there is no basis for a quiet title claim." *Joy*, 935 F. Supp. 2d. at ___. Accordingly, plaintiff's claim is dismissed with prejudice.

II. TRUSTEE SERVICES OF NORTH CAROLINA, LLC'S MOTION TO DISMISS.

Plaintiff does not allege specific facts against specific actors, but rather alleges facts against "defendants." As there are no facts alleged against TSC but not the other defendants and no facts alleged against the other defendants but not TSC, all of plaintiff's charges against TSC are dismissed with prejudice for the reasons discussed *supra* Part I.

## CONCLUSION

For the foregoing reasons, defendants' motions are GRANTED and plaintiff's claims against JPMorgan Chase Bank, Mortgage Electronic Registration Systems, Inc., and Trustee Services of Carolina, LLC are DISMISSED WITH PREJUDICE. All claims remain against defendant FM Lending Services, LLC at this time.

SO ORDERED.

This the 22 day of October, 2013.

                                      TERRENCE W. BOYLE
                                      UNITED STATES DISTRICT JUDGE

12

Case 4:13-cv-00128-BO Document 33 Filed 10/23/13 Page 12 of 12